IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SAMUEL E. LUNDVALL
and MARIA J. LUNDVALL,

        Plaintiffs,

vs.

NICK CASTALES et al.,

        Defendants.

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

OCT 3 1 2000

CLERK

CIVIL NO. 00-1315 MV/LFG

## MEMORANDUM OPINION AND ORDER GRANTING IN FORMA PAUPERIS APPLICATION, BUT DISMISSING CASE WITHOUT PREJUDICE

THIS MATTER is before the Court on an Application to Proceed In Forma Pauperis on a civil complaint signed and filed by Maria J. Lundvall, as mother, best friend and attorney in fact to Samuel E. Lundvall. Ms. Lundvall seeks the Court's order authorizing her to proceed with this litigation without the payment of costs and fees.

### In Forma Pauperis Application

In enacting the federal in forma pauperis statute, 28 U.S.C. § 1915, Congress "intended to guarantee that no citizen shall be denied an opportunity to commence, prosecute or defend an action, civil or criminal, in any court of the United States solely because . . . poverty makes it impossible . . . to pay or secure the costs" of litigation. Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342, 69 S. Ct. 85, 90 (1948).

The in forma pauperis statute authorizes a court to waive costs and fees upon the filing of an affidavit outlining the petitioner's inability to pay the costs, the nature of the action and petitioner's belief that he or she is entitled to redress.



In Maria Lundvall's Application to Proceed In Forma Pauperis, she indicates that her son, Samuel E. Lundvall, is age thirty, is unemployed and has been unemployed for seven months. Ms. Lundvall indicates that her son has no assets and no income whatsoever. Thus, in the absence of the Court's in forma pauperis authorization, her son could not prosecute his claim. Based on these representations, the Court determines that Samuel E. Lundvall is indigent, unable to pay costs and should be allowed to proceed with his litigation without payment of costs or fees. Accordingly, Maria Lundvall's Application for In Forma Pauperis is granted.

## *Sua Sponte* Review

While Congress removed the barriers to court process to indigents by enacting the in forma pauperis statute, it also recognized that "[A] litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious or repetitive lawsuits." Neitzke v. Williams, 490 U.S. 319, 324, 109 S. Ct. 1827, 1831 (1989); Denton v. Hernandez, 504 U.S. 25, 112 S. Ct. 1728 (1992). So as to respond to this congressional concern, courts are specifically authorized to review the proposed complaint under Fed R. Civ. P. 12(b)(6), and, if satisfied that the action is frivolous or malicious, to dismiss it. 28 U.S.C. § 1915(e)(2)(B)(I). Accordingly, courts may conduct a *sua sponte* review pursuant to Section 1915, and may dismiss the complaint for failure to state a claim upon which relief can be granted if it is patently obvious that a party cannot prevail on the facts alleged. Hall v. Belmon, 935 F.2d 1106, 1109 (10th Cir. 1991).

If the defect in the pleading can be cured by appropriate amendments, the court will grant leave to cure the defect; however, if it is patently obvious that a party cannot prevail on the facts alleged, and

allowing an opportunity to amend would be a futile act, the court may dismiss with prejudice. Id. Thus, pursuant to the Court's responsibility under 28 U.S.C. § 1915, the Court will proceed with a *sua sponte* evaluation of the complaint.

This lawsuit is not prosecuted by Samuel E. Lundvall pro se. Rather, it is being prosecuted by Maria J. Lundvall "[a]s mother, best friend and attorney in fact for Samuel E. Lundvall." The gist of the complaint is that Samuel E. Lundvall, who suffers from a mental disability, was ordered to participate in a "drug court program" and that his disability "causes certain behaviors that would interfere with his successful participation in the drug court program." (Complaint, p. 2, ¶ 6). Maria Lundvall asserts that requiring her son to participate in the drug program without access to medication and a medical doctor led to his inability to successfully complete the drug court program, which, in turn, led to his discharge from the drug court program. This, she contends, violates provisions of the Americans With Disabilities Act.

Ms. Lundvall asserts on page 5, paragraph 3, that she is proceeding with this prosecution pursuant to a power of attorney executed by Samuel E. Lundvall. Ms. Lundvall's attempt to represent her son as mother, next friend, and pursuant to a power of attorney is deficient for several reasons.

In Weber v. Garza, 570 F.2d 511, 514 (5th Cir. 1978), the Fifth Circuit stated, "[i]ndividuals not licensed to practice law by the state may not use the 'next friend' device as an artifice for the unauthorized practice of law." While there are circumstances under which it is not only possible, but preferable, to prosecute a petition as a "next friend," Bryant ex. rel. v. United States, 565 F.2d 650 (10th Cir. 1977), the complaint must clearly demonstrate why it is not being prosecuted by the complainant himself, and the petitioner must demonstrate some legal authority to authorize him or her to act on behalf of another individual.

3

Samuel Lundvall is not a minor, but is age 30. The complaint fails to allege that he is incompetent, only that he suffers from a mental disability. The severity of the disability is not mentioned, nor does the complaint allege that Samuel Lundvall is unable to act on his own behalf or represent his own interests. The allegations in the complaint are insufficient to allow an unlicensed individual to appear in federal court and prosecute the claims of another.

Maria Lundvall also seeks to represent her son pursuant to a power of attorney executed by Samuel E. Lundvall. There is no indication as to when or under what circumstances the power of attorney was executed. Indeed, if Samuel E. Lundvall suffers from a mental disability that precludes him from representing his own interests, a power of attorney executed by him while laboring under that same disability would be ineffective. Moreover, an individual may not authorize an unlicensed lay person to represent him pursuant to a power of attorney, even when a power of attorney is otherwise valid. See, e.g., United States v. McKinley, 58 F.3d 1475 (10th Cir. 1995)(a criminal defendant has a right to represent his own interests, but may not use a power of attorney to authorize an unlicensed layperson to represent him). Thus, allegations in the present complaint are insufficient to demonstrate legal authority to have an unlicensed person represent another in a court process.

The foregoing pleading concerns may be addressed by appropriate amendments. That is, Samuel E. Lundvall, if competent and capable, may represent his own interests in federal court, and, therefore, would be required to sign and file the pro se complaint on his own behalf. So, too, Samuel E. Lundvall may prosecute his claim with the assistance of a licensed attorney. Additionally, if Samuel E. Lundvall is incompetent, Maria J. Lundvall may seek an appropriate state court order designating her as Samuel E. Lundvall's guardian or conservator, and upon receipt of a state court order authorizing her to make decisions on behalf of her son, may be named as a party to this litigation.

Maria J. Lundvall, however, does not appear on the roll of licensed attorneys authorized to practice in federal court. Thus, while she may represent her own interests as a civil litigant, she may not represent the interests of her son, Samuel E. Lundvall. To authorize her to act in this case as her son's attorney would constitute an unauthorized practice of law. Weber v. Garza, *supra.*

The next area of concern deals with the propriety of parties. Maria Lundvall identifies various individuals as party defendants, each of whom is sued in an "individual and official capacity." If, indeed, this is a complaint under the Americans With Disabilities Act, individuals may not be sued. Butler v. City of Prairie Village, 172 F.2d 736, 744 (10th Cir. 1999).

These deficiencies compel the Court to dismiss the present complaint without prejudice. Leave is granted to file an amended complaint within twenty days. This additional time will permit Samuel E. Lundvall to file an amended complaint in his own name or to secure counsel. Alternatively, the time will permit Maria J. Lundvall or someone else to be named by a state court as Samuel E. Lundvall's guardian or conservator authorized to bring a lawsuit in his name.

In the amended complaint, Lundvall should identify only the entities that should properly be named in Americans With Disabilities Act lawsuits and otherwise comply with the rules of pleading as set out in Fed. R. Civ. P. 8.

In sum, the Court grants Lundvall's request to proceed in forma pauperis, but dismisses the complaint without prejudice with leave to file a first amended complaint within twenty days.

*[signature]*
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

Lundvall, Samuel E. et al

vs.

Holly Radke
Nick Castales
Mark Radsevigh et al

NO: CIV 00 1315 MV

FINANCIAL AFFIDAVIT, APPLICATION TO PROCEED IN FORMA PAUPERIS AND ORDER (28 USC 1915)

I Samuel Lundvall (m.Lundvall (PoA) make under oath the following statement regarding my financial, residential, marital and employment status, and since I am unable to prepay fees and costs in the above-entitled case, make application to proceed as a pauper in accordance with 28 USC 1915:

A. **BACKGROUND AND RESIDENCE**
  1. Full Name: Samuel E Lundvall
  2. Age: 30 yrs   Sex: M
  3. Present address: 1117 Espejo St NE Alb 87112
  4. How long at this address? 6 yrs   Phone No: 296-2199
  5. Married? ___ Single? X Divorced? ___ Separated? ___
  6. Number of dependents: 2
  7. Ages of children living with you: 10 yrs  7 yrs
  8. List of relationship of other dependents living with you:
  9. List any dependents in items 7 and 8 depending on you for support: Gabryelle + Samuel

B. **EMPLOYMENT AND INCOME**
  1. Are you now employed? NO   Are you self-employed? ___
  2. Name and address of employer: N/A
  3. Position: N/A   Salary per month: $ 0

D. DEBTS AND OTHER OBLIGATIONS

* 1. Rent  260.00  per month
* 2. Utilities _____ per month
  3. Creditors:

| List: | Total Due | Monthly Payment |
|---|---|---|
| UNM Hospital | 170.00 | |
| St Joseph " | 2800.00 approx | |
| Alb Ambulance | 374.53 | |
| Radiology | 83.09 | |

\* When working
\*\* all in collection because of inability to pay

4. Total Monthly Payments: $ _____

_M.J. Lundwall POA_
Signature of Applicant/Affiant

SUBSCRIBED AND SWORN to before me this 25 day of September, 2000.

_____
Notary Public

My Commission Expires:

Dec 31, 2001

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICo

Lundvall, Samuel E
et al
Plaintiff,

vs. Holly Radke
Mark Radosevich
Nick Castales, et al.
Defendants)

No. _____

**ORDER FOR SERVICE OF PROCESS**

This matter is before the Court sue sponte pursuant to 28 U.S.C. Section 1915(d), it appearing to the Court that plaintiff is proceeding under 28 U.S.C. Section 1915, and that personal service of the summons and complaint is required in this matter,

IT IS THEREFORE ORDERED that the U.S. Marshal is directed to serve the summons and complaint personally on defendants as directed by the Clerk.

_____
UNITED STATES MAGISTRATE JUDGE